**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**DONQUIEL WILLIAM GRIFFIN**                                **CIVIL ACTION**

**VERSUS**                                                                    **NO. 23-2479**

**ST. CHARLES PARISH**                                          **SECTION "D"(4)**

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

Plaintiff Donquiel William Griffin ("Griffin") was an inmate housed in the Nelson Coleman Correctional Center ("NCCC") when he filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 alleging that someone used his name to call in a false tip about a murder investigation. ECF No. 3, ¶IV, at 2. On July 27, 2023, after Griffin corrected his deficient complaint, the court granted his application to proceed as a pauper. ECF No. 5. A copy of the order was mailed to Griffin at his prison address of record. On August 21, 2023, the envelope was returned marked "Return to Sender" and "Attempt Not Known." ECF No. 6. The Court's staff has confirmed with NCCC records that Griffin was released from custody on July 25, 2023, and left no forwarding address.

**II.    Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with

the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007). This policy was adopted in EDLA Local Rule 41.3.1 which specifically provides that a pro se litigant's failure to notify the Court of a postal address change within 35 days of the Court's receipt of returned mail may be considered cause for dismissal for failure to prosecute. In addition, the complaint form used by plaintiff to institute this action contains the

following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 3-1, ¶VI(2), at 5 (Plaintiff's Declaration).

### III.  Analysis

Griffin has not provided the Court with his current address despite his acknowledged obligation to do so.  He also has not contacted the clerk or the Court after he corrected his form complaint and provided a pauper application to initiate this suit.  The court's order mailed to him at his prison address of record was returned as undeliverable.  The returned mail was received by the Court more than 35 days ago, on August 21, 2023.  Griffin's failure to provide a current address has prevented the Court from moving forward with this case and from conducting its statutorily required screening under 28 U.S.C. § 1915 and § 1915A.  For these reasons, Griffin's § 1983 complaint should be dismissed without prejudice under FED. R. CIV. PROC. 41(b) for his failure to prosecute.

### IV.  Recommendation

It is therefore **RECOMMENDED** that Donquiel William Griffin's 42 U.S.C. § 1983 civil rights complaint therein be **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute pursuant to FED. R. CIV. PROC. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 18th day of October, 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.